Cowin, J.
This action arises from the termination of plaintiff Martha K. Brunet (“Brunet”) from her job as a science teacher at Our Lady of Nazareth Academy, Inc. (“Academy”). Brunet alleges breach of contract against the Academy; intentional interference with contractual relations against Madeline Bartlett (“Bartlett”), principal of the Academy; and intentional infliction of emotional distress against Nazareth Literary and Benevolent Institution, Inc. (“Institution”) and the six individually named defendants. The defendants have moved for summary judgment on all counts. For the reasons stated below, defendants’ motion is allowed in part and denied in part.
BACKGROUND
The undisputed material facts as established by the pleadings, affidavits and deposition transcripts are as follows. The Institution was and is a Kentucky corporation qualified to do business in Massachusetts. At all times relevant to this action, the Academy was a Massachusetts corporation, operating a high school in Wakefield, Massachusetts, under the sponsorship of the Institution. On June 6, 1990, plaintiff Brunet entered into an employment contract with the Academy to serve as a science teacher for the September 1990-June 1991 school term.
Defendant Bartlett is the principal of the Academy and a member of the Academy’s Board of Directors (“Board"). Defendants Sheila Doherty, LinaMartignetti and Joseph Simonson are also members of the Board. Defendants Claire Catalogna and Patricia Tamagini are department heads and members of the executive hearing committee of the Board.
Brunet was terminated on April 2, 1991 after a series of incidents which began on March 21, 1991. Defendants’ version of events is markedly different from Brunet’s version. Defendant maintains that Brunet was terminated “for just cause, including but not limited to, threatening a teacher and administrator and physical action which resulted in personal injury to a teacher,” pursuant to the following provision of the Academy’s Faculty Handbook:
Summary Dismissal. A summary dismissal may be determined by the principal with advice from the Board of Directors for an act which involved gross insubordination or moral turpitude. The aggrieved may appeal the decision within 10 days of dismissal for a hearing before the executive committee of the Board with adequate faculty representation to the Board, which consists of two faculty council members and the department head of the aggrieved. The committee shall hold the hearing within 10 days of the notice. The decision of the hearing committee will be submitted to the full Board of Directors for final approval or disapproval.
All six individual defendants participated in Brunet's dismissal hearing. Brunet denies that she ever harmed or threatened anyone.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.RCiv.P. 56(c). The moving party bears the burden of demonstrating affirmatively that there is no triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14 (1989).
Count I of the complaint alleges breach of contract against the Academy. This count cannot be resolved at the summary judgment stage because it involves a factual dispute. The factfinder must determine which party’s version of events is more credible before deciding whether Brunet was terminated pursuant to the terms of the Faculty Handbook. For that reason summary judgment is inappropriate as to Count I.
Count II alleges against Bartlett intentional interference with contractual relations. In order for Brunet to succeed on this claim, she must prove the following: (1) Brunet had a contract with the Academy; (2) Bartlett knowingly induced the Academy to break the contract; (3) Bartlett’s interference was intentional and improper in motive or means; and (4) Brunet was harmed. G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 272 (1991).
“Improper” in this context has been defined as conduct that is wrongful beyond the fact of interference itself. It may arise from improper motives or from the use of improper means. United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 816 (1990). See also Halper v. Demeter, 34 Mass.App.Ct. 299, 306 (1993), and Brunner v. Stone & Webster Engineering Corp. 413 Mass. 698, 705 (1992). Here, the only evidence on *618 record establishes that all actions taken by Bartlett were within the scope of Bartlett’s employment as principal and member of the Board. Brunet has not alleged any acts by Bartlett from which a reasonable jury could find that Bartlett acted with improper means or motive. For that reason, summary judgment is allowed as to Count II.
Count III alleges intentional infliction of emotional distress against the Institution and the six individual defendants. If the tort occurred during the employment relationship in furtherance of the interests of the Academy this count is barred by the exclusivity provision of the Worker’s Compensation Act, G.L.c. 152, §24,[2] unless Brunet reserved her right under §24. Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119, 124 (1988); Mullen v. Ludlow Hospital Society, 32 Mass.App.Ct. 968, 970 (1992).
Brunet has made no such reservation of rights. The only issue therefore is whether the acts which form the basis of this count occurred “within the scope of employment furthering the interests of (the Academy).’’ Anzalone, supra at 124-25. Here, the evidence establishes that the acts complained of relate directly to the defendants’ positions as members of the Academy’s hearing committee and thus arose in the course of employment. Consequently, Brunet’s claim is barred by the exclusivity provision of G.L.c. 152, §24 and summary judgment is allowed as to Count III.[3]
ORDER
It is hereby ORDERED that defendants’ motion for summary judgment is ALLOWED only as to Counts II and III of the complaint.

 Section Twenty-four of the Worker’s Compensation Act provides, in pertinent part:
An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that Is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer at the time of this contract of hire, written notice that he claimed such right
[[Image here]]

 Because summary judgment is allowed for the reasons stated, it is unnecessary to consider the issue of whether individual directors of a charitable corporation are liable absent a showing of bad faith.